IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. YATES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RYAN L. YATES, APPELLANT.

Filed September 7, 2021.    No. A-20-838.

Appeal from the District Court for Cass County: MICHAEL A. SMITH, Judge. Affirmed.

James A. Owen, of Owen Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Ryan L. Yates was convicted by a jury in the district court for Cass County of first degree sexual assault of a child and was sentenced to 20 to 25 years' incarceration. Yates appeals his conviction and sentence, challenging the sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

In October 2019, Yates was charged with sexual assault of a child, first degree. A jury trial was held in August 2020, and the evidence established the following events. Yates was born in 1980. M.S. was born in March 2008. In August 2019, Yates and his family lived on the same street as M.S. and her family and M.S. was best friends with Yates' stepdaughter.

On August 3 or 4, 2019, Yates spent the evening at M.S.' house, drinking in the garage and driveway with M.S.' stepfather and other neighborhood adults. Yates' wife was working that night

and was not present. Three of Yates' children were in his home: his 12-year-old biological daughter, his 7-year-old biological son, and his 10-year-old stepdaughter. M.S. asked and was permitted to spend the night at Yates' house.

When Yates returned to his house about 11 p.m., the three girls were watching a movie in the living room. Yates went into his bedroom and was watching a television show with his son. After Yates' stepdaughter fell asleep in the living room, M.S. and the older girl went into the bedroom to watch the television show with Yates and his son.

All four people in the bedroom were on the bed. Yates was on the far right, his daughter was next to him, M.S. next to her, and his son was on the far left of the bed. Yates' arm was under his daughter, in the small of her back. M.S. was sitting up on the bed, wearing gym shorts and a T-shirt. According to M.S., Yates' son was playing on his tablet and not paying attention to anything else. At some point, M.S. sensed that Yates' daughter was dozing off.

M.S. testified that as they watched the show, Yates put his hand up her shorts and she could feel his fingers both inside and outside of her underwear. Additionally, M.S. stated Yates "kept moving [his fingers] around and touching my privates." When M.S. said "privates" she was referring to her vagina. When asked directly, "Did he have his fingers inside your private or outside your private or both?" M.S. answered affirmatively, "Both." She described it as feeling "really weird." She estimated that Yates continued to touch her for 10 to 15 minutes.

According to M.S., she told Yates to stop more than once, but he did not. She described trying to stop him by putting her hand on his wrist to move his hand out of her shorts, but it did not work. Yates stopped when M.S. moved away and said she had to go to the restroom. Yates' wife came home from work shortly after that, and all three children got out of the bed.

During cross-examination, M.S. stated that Yates' fingers were inside of her underwear but the other parts of his hand were not inside her underwear. M.S. was sure that Yates' fingers were inside her underwear. She admitted that it was possible she told a forensic interviewer she was not sure if Yates' fingers went underneath her underwear. Upon further questioning why she would tell a forensic interviewer she was not sure, M.S. stated "I don't know. Because I've always been confused on what happened." When asked what she was confused about, M.S. stated "Like, what he did to me. That's what I'm more confused about." The questioning continued as follows:

Q. Generally is there anything that you're confused about?
A. No.
Q. Are you confused that [Yates] touched you?
A. Yes.
Q. Are you confused if [Yates] touched you?
A. No.
. . . .
Q. [M.S.], is it fair to say that in the past you have said that you are not sure if [Yates'] finger has gone underneath of your underwear?
A. No.
Q. It's not fair to say that?
A. Because I'm pretty sure I -- I can feel when he's touching me.

Q. Okay. So then let me ask you the question again, [M.S.]. Are you sure [Yates'] finger went underneath of your underwear?

A. No.

Q. You're not sure?

A. No, because there's always -- it -- he did it quite a few times. He kept moving his hand. So . . .

Yates' older daughter confirmed that the four of them were lying in Yates' bed watching television and that she was "half-asleep." She recalled M.S. saying something, but could not recall what it was. She testified that she was aware of the allegations, but that she had not seen anything because she was "sort of half asleep."

The jury convicted Yates of sexual assault of a child, first degree, and he was sentenced to 20 to 25 years' incarceration. Yates timely appealed.

## ASSIGNMENT OF ERROR

Yates assigns that the evidence was insufficient to support his conviction.

## STANDARD OF REVIEW

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams*, 306 Neb. 261, 945 N.W.2d 124 (2020).

## ANALYSIS

Yates argues that the evidence was insufficient to support his conviction for sexual assault of a child, first degree. We reject his argument.

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Thelen*, 305 Neb. 334, 940 N.W.2d 259 (2020).

Yates asserts that the evidence was insufficient to show sexual penetration occurred, and therefore, his conviction should be reversed. A person commits sexual assault of a child in the first degree when he or she subjects another person under 12 years of age to sexual penetration and the actor is at least 19 years of age or older. Neb. Rev. Stat. § 28-319.01 (Reissue 2016). Sexual penetration is defined to include "any intrusion, however slight, of any part of the actor's . . . body or any object manipulated by the actor into the genital . . . openings of the victim's body." Neb. Rev. Stat. § 28-318 (Cum. Supp. 2020). The slightest intrusion into the genital opening is sufficient to constitute penetration, and such element may be proved by either direct or circumstantial evidence. *State v. Archie*, 273 Neb. 612, 733 N.W.2d 513 (2007). It is not necessary that the vagina be entered or that the hymen be ruptured; the entry of the vulva or labia is sufficient. *Id*.

- 3 -

Yates does not raise any argument regarding the ages of M.S. and Yates, and the two age elements are not in question. According to the evidence introduced at trial, M.S. was born in 2008 and was under 12 years of age in August 2019; Yates was born in 1980 and was at least 19 years of age in August 2019.

Yates' argument relies solely upon two selected statements made by M.S. On cross-examination, M.S. stated she was confused about what happened to her, and she was not sure if Yates' finger went underneath her underwear. On direct examination, however, M.S. stated Yates' fingers were inside her underwear. Additionally, M.S. stated Yates "kept moving [his fingers] around and touching my privates." When M.S. said "privates" she was referring to her vagina. When asked directly, "Did he have his fingers inside your private or outside your private or both?" M.S. answered affirmatively, "Both."

Yates argues that M.S. was confused about what happened to her and uncertain that Yates' finger went underneath her underwear; thus, no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. We acknowledge that M.S. made conflicting statements regarding whether Yates' fingers were inside or outside of her underwear; however, the jury clearly found M.S.' testimony regarding sexual penetration to be credible. M.S. unequivocally stated that Yates' finger penetrated her. Even if his finger was outside of her underwear when he did so, sexual penetration still occurred. See § 28-318(6) (defining sexual penetration to include "any intrusion, however slight, of any part of the actor's . . . body or any object manipulated by the actor into the genital . . . openings of the victim's body").Viewing the evidence in the light most favorable to the State, we hold that a rational trier of fact could have found, beyond a reasonable doubt, that Yates sexually penetrated M.S.

Therefore, we conclude that the evidence was sufficient to support a conviction for first degree sexual assault of a child.

CONCLUSION

For the aforementioned reasons, we affirm Yates' conviction and sentence.

AFFIRMED.